## Case No. 11,299.
### POST v. CORBIN.
### [5 N. B. R. (1871) 11.] [1]
### Circuit Court, D. Michigan.

BANKRUPTCY—CONVEYANCE WITHIN FOUR MONTHS
—CONSIDERATION—PERSONAL PROPERTY—
REMEDY AT LAW—ACCOUNTING.

1. Where a bill was filed to recover certain real estate and personal property alleged to have been conveyed and transferred by the bankrupt within four months next before the filing of the petition against him for adjudication of bankruptcy in fraud of the bankrupt act [of 1867 (14 Stat. 517)], and the bill is based on two alternative theories,—1st. That the transfers were without consideration and made to hinder, delay and defraud the bankrupt's creditors, or 2d. If there was a consideration it was a previous indebtedness and the transfers were made with a view to give the defendant a preference, he having reasonable cause to believe the bankrupt insolvent,—held, actual possession under the agreement and performance of it clearly takes the case out of the statute requiring the agreement to be in writing. And as to its vagueness and uncertainty in the particulars specified, the agreement having been executed by the actual making of the conveyance, the court will now look into the agreement only for the purpose of ascertaining whether the consideration for the conveyance was such as a court of equity will sustain as against the creditors of the grantor. Looking into the agreement for that purpose I find that full and adequate compensation had been made by defendant under an agreement between him and the bankrupt, made while the latter was amply solvent, and when he had a perfect right as against all the world to make the same, and hence the conveyance of the one hundred and seven acre tract ought to be sustained.

[Cited in Napier v. Server, Case No. 10,010.]

2. As to the personal property it was objected at the hearing that the assignee has a complete remedy at law, and therefore cannot recover for the same by bill in equity. This objection comes too late. It was not taken by demurrer nor by way of answer, but was first made at the hearing. A court of equity will not refuse to take jurisdiction of a cause merely on the ground that complainant has a complete remedy at law where, as in this case, the parties have submitted their rights to the jurisdiction of the court without objection, especially where proofs have been taken and a hearing upon the merits has been entered upon.

3. Decreed that defendant account to complainant for all personal property received by him from the bankrupt at any time within four months immediately preceding commencement of bankruptcy proceedings. Decree for plaintiffs for land not included in agreement, for payment for the personal property, and for costs, and dismissal of bill as to the Butterfield farm of one hundred and seven acres.

[This was a bill in equity by H. Post, assignee, against S. I. Corbin.]

LONGYEAR, District Judge. The bill was filed to recover certain real estate and personal property alleged to have been conveyed and transferred to defendant by the bankrupt within four months next before the filing of the petition against him for adjudication of bankruptcy, in fraud of the bankrupt act. The bill is based upon two alternative theories: First, that the transfers were without consideration, and were made with

---

[1] [Reprinted by permission.]

the intent to hinder, delay, and defraud the creditors of the bankrupt; or, second, if there was a consideration it was a previous indebtedness, and the transfers were made with a view to give the defendant a preference, he having reasonable cause to believe that the bankrupt was insolvent. The real estate consists of two parcels, one of one hundred and seven acres on section twenty-eight in the township of Armada, in the county of Macomb, known as the "Butterfield Farm," and the other of twenty acres on section fifteen in the same township. These parcels do not adjoin, but lie some two miles distant from each other. The answer admits the conveyance of the real estate, but denies the transfer of personal property as alleged in the bill—denies the intent to defraud, and knowledge or belief, and reasonable cause for belief, of the insolvency of the bankrupt. As to the Butterfield farm, the answer alleges that when the same was purchased by the bankrupt it was so purchased for the defendant, and was conveyed to him under and in pursuance of an agreement between them, at or about the time of the purchase, for the support of the three minor daughters of the bankrupt by the defendant, and the avails of the products of the farm over and above what should be necessary for the support of defendant's family, and such other payments as defendant could make, until such support of said minor children, avails of products and other payments should amount to a fair compensation for said farm, which agreement, it is alleged, had been fully performed by the defendant when said conveyance was made to him. And as to the twenty acres, it is alleged that the same was included in the deed of conveyance because it had been used in connection with and as a part of said farm.

The agreement and the performance of it by defendant are satisfactorily proven substantially as alleged in the answer; and, in fact, the theory of the bill, that the conveyance was without consideration, was abandoned by complainant at the hearing. It was contended, however, that the agreement not being in writing, and being vague and uncertain in some of its material provisions, such as the price to be paid and the time within which the agreement was to be performed, it was not such an agreement as a court of equity would have decreed the specific performance of, and that, therefore, what the bankrupt had received from defendant constituted an indebtedness merely, and that the conveyance must be held to have been in satisfaction of such indebtedness, thus bringing the case under the second theory of the bill. Actual possession under the agreement and performance of it clearly takes the case out of the statute requiring the agreement to be in writing. And as to its vagueness and uncertainty in the particulars specified, the agreement having been executed by the actual making of the

conveyance, the court will now look into the agreement only for the purpose of ascertaining whether the consideration for the conveyance was such as a court of equity will sustain as against the creditors of the grantor. Looking into the agreement for that purpose I find that full and adequate compensation had been made by defendant under an agreement between him and the bankrupt, made while the latter was amply solvent, and when he had a perfect right as against all the world to make the same, and hence that the conveyance ought to be sustained. This, however, relates to the one hundred and seven acre tract only. The twenty acre tract stands upon entirely different grounds. It was not included in the original or any subsequent agreement. And as to its being in payment of any indebtedness of the bankrupt to the defendant, it is clear to my mind, from the proofs in the case, that the idea of debtor and creditor, as between these two, never existed. The son, the defendant here, was to have the Butterfield farm, and, in turn, was to support and maintain the three minor children, his sisters, have the support of himself and family out of the proceeds of the farm, and the bankrupt was to have the rest. Defendant may have done for and paid his father more than the land was actually worth in the encumbered condition in which the title was made over to him, but so long as that arrangement was allowed to continue and remain open between them, their transactions must be referred to it except in cases where it clearly appears that such was not the intent. No books of account were kept between them, and at the time of the conveyance no settlement was had, no computation of how much had been paid by defendant to his father, and no claim made of any balance due him; but it is evident from the whole transaction between them, down to and including the giving of the deed as detailed by the proofs, that it was a sort of lumping transaction, so to speak, and that the conveyance of the farm was all defendant ever expected from his father for past transactions, and that it was received by him in full satisfaction. But as between the defendant and his father's creditors, the one hundred and seven acre tract is all he had any right to expect or receive, and therefore the twenty acre tract must be held to belong to the assets of the bankrupt's estate.

As to the personal property it was objected at the hearing that the assignee had a complete remedy at law, and therefore cannot recover for the same by bill in equity. This objection comes too late. It was not taken by demurrer nor by way of answer, but was first made at the hearing. A court of equity will not refuse to take jurisdiction of a cause merely on the ground that complainant has a complete remedy at law where, as in this case, the parties have submitted their rights to the jurisdiction of the court without objection, especially where proofs have been taken and a hearing upon the merits has been entered upon. See 6 N. Y. 147; 4 Cow. 727; 11 Paige, 569; 4 Johns. Ch. 399; 2 Caines, Cas. 57; 1 Atk. 126. If, as has been before intimated, the relation of debtor and creditor did not exist between the defendant and his father, then there was no consideration for the transfer of any of the personal property to defendant, any further than as such transfers were accompanied by a then present consideration passing from defendant. But even allowing that the relation of debtor and creditor did exist between them, (which, however, I understood to be disclaimed at the hearing), and that such property was received by defendant on account, I think he is not entitled to hold the same as against his father's creditors, for the reason that he had reasonable cause to believe that his father was insolvent. His father's insolvency seems to have become quite notorious in that community, and defendant himself testifies that he had "heard stories" about his father's embarrassments, and one of the creditors testifies to a conversation with defendant about his debt, in which he told him he should sue if it was not paid.

Upon the whole, therefore, the defendant must be decreed to account to complainant for all personal property received by him from the bankrupt at any time within four months next previous to the filing of the petition for adjudication of bankruptcy. Let a decree be entered in favor of complainant for the twenty acres of land, for the payment of six hundred and five dollars and fifty cents, for the personal property, and for costs, and dismissing the bill as to the one hundred and seven acres of land known as the "Butterfield Farm."